**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENITO ALVARADO-DIAZ (A No. 221-489-570),<br><br>    Petitioner,<br><br>v.<br><br>CHESTNUT, et al.,<br><br>    Respondents. | Case No. 1:26-cv-02459-JLT-HBK<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

  Benito Alvarado-Diaz is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 4.) In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

**I.  FACTUAL & PROCEDURAL BACKGROUND**

  Petitioner is a citizen of Honduras who entered the United States at an unknown place and time. (*See* Doc. 7-1 at 1–3; Doc. 1 at 5.) Petitioner was not encountered or processed by federal immigration officials at that time.[1] (*See* Doc. 7-1 at 3.) Petitioner asserts that he has no criminal

---

[1]  In his reply, Petitioner claims to have been "inspected at the border and released" (Doc. 8 at 2), however Petitioner provides no evidence or facts regarding the date and location of his entry. In his habeas petition, Petitioner only indicates that he has "been in the United States for years" (Doc. 1 at 2), but fails to state when he entered the United States, does not mention that he was inspected at the border, and does not

history, (Doc. 2-1 at 4), but appears to have been arrested or charged with first degree assault with a dangerous weapon sometime in 2020, though these charges were dismissed on April 3, 2020. (*See* Doc. 7-1 at 3.) Petitioner was detained by Immigration and Customs Enforcement on January 22, 2026, during an ERO enforcement operation in Baltimore, Maryland. (*Id*. at 2.) ICE "conducted a record check on [a] Blue Honda Civic . . . [r]ecords revealed that the vehicle" belonged to Petitioner and "[f]urther checks revealed [that Petitioner] has derogatory immigration history." (*Id*.) ICE subsequently conducted a vehicle stop and Petitioner admitted to being a citizen of a foreign country and admitted to being present in the United States without lawful admission documents. (*Id*.) ICE then arrested the Petitioner and eventually transferred him to California City Detention Facility, where he remains. (*Id*. at 3; *see also* Doc. 1 at 5; Doc. 2-4 at 6.) On March 31, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 25.) On April 20, 2026, Respondents filed a response, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth in 8 U.S.C. § 1225(b)(2). (Doc. 7 at 2.) On April 27, 2026, Petitioner filed a reply.

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

attach any evidence showing an order of release on recognizance, or order of release on supervision as part of an Alternatives to Detention program. (*See* Doc. 1 at 5–7.) Instead, Petitioner asserts a claim for relief as a member of the Bond Eligible Class pursuant to *Maldonado-Bautista*, (*id*. at 26), which is a form of relief sought for individuals who were not apprehended upon arrival into the United States and have resided in the country for many years without inspection or parole. *See Maldonado-Bautista v. Santacruz, et al.*, No. 5:25-cv-01873-SSS-BFM, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. Dec. 18, 2025). Indeed, the weight of the evidence suggests that Petitioner was unencountered for years until his recent arrest on January 22, 2026. (*See* Doc. 7-1 at 2.) The I-213 indicates that Petitioner entered the United States at an unknown date and unknown location "without being inspected, admitted, or paroled by an immigration officer." (*Id*. at 3.) The I-213 further indicates that Petitioner has no pending applications or petitions for immigration relief. (*Id*.) Such information is consistent with information pulled from EOIR's website upon entering Petitioner's A-Number, which shows that Petitioner's immigration docket was only recently opened on January 27, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited May 26, 2026). Further, Petitioner's Notice to Appear was issued January 22, 2026, the same date as his arrest. (Doc. 2-3 at 6.) Thus, the Court concludes that Petitioner was unencountered upon entry into the United States and has been unencountered until his recent arrest.

(citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**III.    DISCUSSION**

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment.[2] (Doc. 1 at 8–9, 13, 25.) To the extent Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 7 at 2–3.) This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V. v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Furthermore, courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-

---

[2]  Petitioner also raises claims under the Fourth Amendment for ICE's unlawful seizure. (*See* Doc. 1 at 10–13.) Because the Court grants habeas relief on the Fifth Amendment due process claim, the Court declines to address the Fourth Amendment claim.

01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. Seeing as no Immigration Judge or other immigration official has ever considered whether he may be released—because he was not encountered at the time he entered the country—a bond hearing is the appropriate remedy.

### IV.       CONCLUSION AND ORDER

1.       The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**

2.       Respondents are **ORDERED** to provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) within **14 days** of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained. If Respondents do not provide Petitioner with a timely bond hearing under 8 U.S.C. § 1226(a), in accordance with this order, Petitioner must be immediately released from detention.

3.       At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4.       The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **May 28, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE